UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANDRE P. LARK, SR.** : | **CIVIL ACTION NO. 15-cv-84** |
| BOP #21857-001 | | SECTION P |
| **VERSUS** : | **JUDGE MINALDI** |
| **WARDEN CLAY** : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Andre P. Lark, Sr. (hereinafter "Lark"). Lark is an inmate in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

According to his petition, Lark was convicted of "conspiracy to defraud the United States, bank robbery by force or violence and aid/abet," and "violent crime/drugs/machine gun and aid/abet, … unlawful transport of firearms." Doc. 1, p. 1. On March 15, 2000, he was sentenced to 271 months incarceration by the United States District Court for the Northern District of Alabama. Doc. 1, pp. 1-2. Lark appealed his conviction to the United States Court of Appeals for the Eleventh Circuit, which he states "affirmed in part vacated in part" on August 6, 2001. Doc.

4, p. 2. On September 5, 2002, petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in the United States District Court in Alabama. Doc. 4, p. 4. He claims that the motion was "affirm[ed] in part vacated in part" on February 26, 2004. *Id.*

On January 4, 2015, Lark signed and dated the instant *habeas* petition which was received and filed by the court on January 15, 2015. Doc. 1, p. 3. In his petition he claims that he is serving a "sentence for conduct which has been enhanced by simple misdemeanor offenses," namely driving while his license was revoked, possession of marijuana, and criminal mischief. Doc. 1, p. 2. He alleges "actual innocence" and claims that these non-felony crimes should not be used to enhance his sentence in light of the United States Supreme Court's ruling in *Begay v. United States,* 553 U.S. 137 (2008). Doc. 1, pp. 2-3.

## II.
### LAW AND ANALYSIS

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a motion to vacate filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, petitioner collaterally attacks the legality of his conviction and sentence, not the manner in which his sentence is being executed. Accordingly, his claim is appropriately characterized as a motion to vacate pursuant to 28 U.S.C. § 2255.

Federal prisoners may use § 2241 to challenge the legality of their conviction or sentence only if they satisfy the § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file an application for a writ of habeas corpus pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner

seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense; and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior § 2255 motion was unsuccessful or that the petitioner is unable to meet the statute's second or successive requirement does not entitle a petitioner to § 2241 relief. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Lark does not satisfy the criteria set forth above. He relies on the Supreme Court case of *Begay;* however, *Begay* is not retroactively applicable to cases on collateral review. *In re Bradford*, 660 F.3d 226, 230–31 (5th Cir.2011), *Morales v. Tamez*, 467 F. App'x 285, 286 (5th Cir. 2012)(unpublished). Additionally, *Begay* held that a conviction for driving under the influence of alcohol was not a violent felony within the meaning of the residual clause of the Armed Career Criminal Act. *Begay*, 553 U.S. at 148. The holding in *Begay* has no relevance to petitioner Lark's case.

In his petition, Lark also mentions the Supreme Court's rulings in *Persaud v. United States*, —— U.S. ——, 134 S. Ct. 1023 (2014), and *Descamps v. United States*, 133 S. Ct. 2276 (2013). The Supreme Court has not made either case retroactively applicable on collateral review. *See In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015)("[n]othing in *Descamps* indicates that its holding announced a new rule that was constitutionally based, and *Descamps* did not announce that its holding applied retroactively to cases on collateral review."); *Sharbutt v. Vasquez*, 600 Fed. App'x.

251 (5th Cir. 2015)(unpublished), ("[petitioner's] contention that *Persaud* … stands for the proposition that sentencing enhancements based on ineligible prior convictions are errors amenable to § 2241 relief is unavailing as *Persaud* is not a substantive decision.").

Further the Fifth Circuit has consistently disallowed claims attacking sentence enhancements under the savings clause. *In re Bradford v. Tamez*, 660 F.3d at 230. A claim of actual innocence of a sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241." *Id.* at 230; *Kinder v. Purdy,* 222 F.3d 209, 213-214 (5th Cir. 2000) (claim of actual innocence of a career-offender enhancement is not properly raised in § 2241 petition because petitioner is not claiming actual innocence of crime of conviction, only of the enhancement).

### III.
#### CONCLUSION

Since we find that Lark has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks jurisdiction to consider his claims under § 2255. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause. Accordingly,

**IT IS RECOMMENDED** that the petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. §  636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

      Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

      THUS DONE AND SIGNED in Chambers this 22nd day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE